UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CELY TABLIZO,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF LAS VEGAS,<br><br>        Defendant. | Case No. 2:14-cv-00763-APG-VCF<br><br>(Consolidated with 2:14-cv-00887-APG-VCF)<br><br>**ORDER GRANTING SUMMARY JUDGMENT** |

    Plaintiff Cely Tablizo contends her former employer, defendant City of Las Vegas, retaliated against her for taking leave under the Family and Medical Leave Act ("FMLA"). She also asserts that she was discriminated and retaliated against and subjected to a hostile work environment based on her race and national origin.

    City previously moved for summary judgment on Tablizo's claims for FMLA interference, race and national origin discrimination, negligent supervision, and intentional infliction of emotional distress. I denied City's motion with respect to Tablizo's FMLA interference and negligent supervision claims. ECF No. 36 at 8-9. I granted City's motion with respect to Tablizo's race and national origin discrimination and intentional infliction of emotional distress claims. *Id.* at 10-11. Finally, I indicated that although City had not moved on Tablizo's hostile work environment claim, the evidence did not appear to support that claim. *Id.* at 12. Additionally, Tablizo's complaint referenced retaliation under Title VII but neither City nor Tablizo mentioned that claim in their summary judgment briefing. *Id.* I therefore granted Tablizo the opportunity to file a supplemental brief to (1) demonstrate there were issues of fact on her hostile work environment claim, (2) to advise whether she was still pursuing her Title VII retaliation claim, and (3) if she was pursuing a Title VII retaliation claim, to support that claim with evidence and argument. *Id.* at 11-12.

Tablizo and City both filed supplemental responses. After reviewing the original evidence along with the supplemental briefs, City is entitled to summary judgment on Tablizo's hostile work environment and Title VII retaliation claims.

**I. ANALYSIS**

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Hostile Work Environment**

To establish a hostile work environment claim based on race or national origin, a plaintiff must show: "(1) that he was subjected to verbal or physical conduct of a racial [or national origin] . . . nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), *as amended* (Jan. 2, 2004). As explained in my prior order, no genuine dispute remains that the conduct complained of is not sufficiently severe or pervasive to alter the conditions of Tablizo's employment and there is no evidence of race or national origin discrimination. Tablizo's supplement does not provide any additional evidence that would raise an issue of fact on this

claim. I therefore grant summary judgment in City's favor on Tablizo's hostile work environment claim.

### B. Title VII Retaliation

Tablizo filed a complaint with the Nevada Equal Rights Commission ("NERC") on May 10, 2010. ECF Nos. 37-1 at 2; 37-2. In her NERC complaint, Tablizo alleged race and national origin discrimination and retaliation. ECF No. 37-2. Her complaint was assigned an investigator in February 2012. ECF no. 37-1 at 3. According to Tablizo, after she filed this complaint, her work conditions worsened because her transfer was denied, she had to work outside her job classification, and she was disciplined and suspended multiple times in 2012. *Id.* at 2.

To make out a prima facie retaliation case, a plaintiff must show "that she engaged in protected activity, that she suffered a materially adverse action, and that there was a causal relationship between the two." *Westendorf v. W. Coast Contractors of Nevada, Inc.*, 712 F.3d 417, 422 (9th Cir. 2013). As to causation, the plaintiff must show "that her protected conduct was a but-for cause—but not necessarily the only cause—of her termination." *Id.* If the plaintiff makes out a prima facie case, then "the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its decision." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). If the defendant does so, then "the plaintiff bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive." *Id.*

Here, there is no genuine dispute that even if Tablizo set forth a prima facie case of retaliation, City has articulated legitimate, non-discriminatory reasons for its conduct and Tablizo has not presented evidence raising an issue of fact that these reasons were pretext for retaliation. First, Tablizo's NERC complaint was in 2010, two years before the conduct she relies on in her complaint. As to her allegation that a transfer was denied, the evidence shows Tablizo was the one who rejected it. ECF Nos. 29-3 at 19; 35-18 at 3. As to her allegation that she had to work outside her job classification, Tablizo has presented no evidence that other employees were not also required to work outside their job classification. Finally, as to her allegation that she was disciplined and suspended multiple times in 2012, Tablizo does not factually dispute that she

engaged in the performance failures and misconduct set forth in the various disciplinary notices. Additionally, she presents no evidence that employees with similar performance and conduct issues were not disciplined or received less severe discipline. Consequently, Tablizo has not presented evidence raising a genuine dispute that City's proffered reasons were pretext for retaliation. I therefore grant summary judgment in City's favor on Tablizo's Title VII retaliation claim.

## II. CONCLUSION

IT IS THEREFORE ORDERED that summary judgment is granted in favor of defendant City of Las Vegas and against plaintiff Cely Tablizo on Tablizo's hostile work environment and Title VII retaliation claims. The only claim remaining for trial is Tablizo's FMLA interference claim.

DATED this 25th day of July, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE