UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CELY TABLIZO, | Case No. 2:14-cv-00763-APG-VCF |
| Plaintiff, | (Consolidated with 2:14-cv-00887-APG-VCF) |
| v. | |
| CITY OF LAS VEGAS, | **ORDER GRANTING MOTION IN LIMINE** |
| Defendant. | (ECF No. 50) |

Plaintiff Cely Tablizo contends her former employer, defendant City of Las Vegas, retaliated against her for taking leave under the Family and Medical Leave Act ("FMLA"). She also asserts that she was discriminated and retaliated against and subjected to a hostile work environment based on her race and national origin. I previously granted the City summary judgment on most of Tablizo's claims. ECF Nos. 36, 39. The only remaining claims are for FMLA interference and negligent supervision.

The City now moves to preclude Tablizo from introducing evidence or testimony at trial concerning her alleged damages because she did not sufficiently disclose her damages during discovery. ECF No. 50.[1] Because Tablizo failed to comply with her disclosure obligations under the applicable Federal Rules of Civil Procedure, I will grant the City's motion.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) provides that

> a party must, without awaiting a discovery request, provide to the other parties: . . . a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

---

[1] The City also moves to preclude Tablizo from using the terms "discrimination" and "hostile work environment" at trial because I granted summary judgment on those claims. ECF No. 50 at 5-6. Tablizo does not oppose that portion of the motion. ECF No. 51 at 5. Thus, I grant that portion of the motion as unopposed.

A party has an ongoing obligation to timely supplement her Rule 26(a) disclosures if she "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). *See also Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592–93 (D. Nev. 2011) ("[w]hile a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period."); *Nassif v. Supervalu, Inc.,* No. 2:11-CV-01273-GMN, 2012 WL 5406260, at *4 (D. Nev. Nov. 5, 2012) (same).

Tablizo's initial disclosure in July 2014 stated: "Plaintiff estimates that her damages for the alleged FMLA based retaliation and discrimination are within a range of $75,000 to $150,000." ECF No. 50-1 at 6. She provided no computation about how she determined that range, and she produced no documents bearing on her damages. Five months later, Tablizo supplemented this disclosure with the following: "Plaintiff estimates that her damages for the alleged FMLA based retaliation and discrimination are within a range of $75,000 to $150,000. Plaintiff estimates that her damages for alleged Title VII discrimination are approximately $300,000 and that she has lost wages and income between $100,000-$150,000." ECF No. 50-2 at 5. Again, she provided no computation about how she determined that range and she produced no documents bearing on her damages. Tablizo has not supplemented her disclosures since December 2014.[2]

Tablizo's disclosures wholly miss the mark on what is required for a Rule 26(a) disclosure. She disclosed no damages whatsoever for her claim of negligent supervision. Her estimated range of damages for her FMLA claim lacks detail and support. While Tablizo may not have been able to accurately calculate her damages early in the case, we are now on the eve of

---

[2] In her response to the City's motion, Tablizo mentioned (apparently for the first time) that she also is asserting a "potential claim for front pay" as an equitable remedy for FMLA damages. ECF No. 51 at 3. Again, she provides no computation of this item or even an estimate of how much she is seeking.

trial and she still has not supplemented her disclosures. Rules 26(a)(1)(A)(iii) and 26(e) require much more than Tablizo has provided.

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The Advisory Committee Notes describe [Rule 37(c)] as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material. . . .'" *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (*quoting* Fed. R. Civ. P. 37 Advisory Committee's Note (1993)). Tablizo does not attempt to justify her failure to properly disclose; indeed, she believes her disclosures were sufficient. ECF No. 51 at 2. Thus, exclusion is mandatory unless Tablizo can show her failure was harmless. *Nassif,* 2012 WL 5406260, at *4.

Tablizo argues that her lack of disclosure is harmless for two reasons: (1) the City could have conducted discovery on this issue, and (2) the City already knows her rate of pay, salary, and benefits paid during her employment. The first point does not save her because Rule 26(a)(1)(A) requires the party to disclose damages "without awaiting a discovery request." The rule clearly places the burden on the plaintiff to make a full disclosure. In theory, the defendant could proceed to trial without discovery because the plaintiff's disclosure should provide the computation of damages and supporting information.

Second, even if the City knows how much Tablizo was paid in salary and benefits, this does not provide the City with sufficient information to understand Tablizo's damages requests. As Tablizo admits, an FMLA plaintiff may recover monetary losses beyond just lost wages or benefits. ECF No. 51 at 3. Moreover, Tablizo's disclosure does not provide any information about whether she has mitigated any of her losses, and her testimony at deposition was not helpful on this point. ECF No. 52-1 at 4-5. The insufficient disclosure also hampered the City's ability to conduct efficient discovery and prepare for trial. ECF No. 52 at 3.

Tablizo's failure to provide adequate disclosures under Rule 26(a)(1)(A)(iii) was not harmless. Thus, under Rule 37(c)(1), she cannot offer into evidence at trial any testimony or evidence about her alleged damages. The result is harsh, but is required under the rules.

IT IS THEREFORE ORDERED that the City's motion in limine **(ECF No. 50) is granted**. Tablizo may not introduce evidence or testimony at trial concerning her alleged damages.

IT IS FURTHER ORDERED that Tablizo shall not use the terms "discrimination" and "hostile work environment" during the trial.

DATED this 10th day of February, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE