UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CELY TABLIZO, | Case No. 2:14-cv-00763-APG-VCF |
| Plaintiff, | (Consolidated with 2:14-cv-00887-APG-VCF) |
| v. | |
| CITY OF LAS VEGAS, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| Defendant. | (ECF No. 57) |

Plaintiff Cely Tablizo moves for reconsideration of my Order (ECF No. 56) precluding her from introducing evidence or testimony at trial concerning her alleged damages. I barred that evidence because Tablizo failed to comply with her disclosure obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

Tablizo argues that she should be entitled to seek reinstatement to her prior position with the City. ECF No. 57 at 3. However, Tablizo did not request that relief in her Complaint (ECF No. 1 at 6) and she has never disclosed to the City that she is seeking such relief. It would be unfair to allow her to request it for the first time 17 days before trial.

Tablizo next contends that the City discovered her lost wage claim damages when it deposed her. However, as I stated in my Order, Tablizo's deposition testimony was not helpful on this point. ECF No. 52-1 at 4-6 (testifying that her highest salary "was about 63,000. Something like that," and she was out of work "I think eight months or so."). Such vague testimony demonstrates why Rule 26(a)(1)(A)(iii) puts the burden squarely upon the plaintiff to disclose her damages computations and supporting materials. "Computation" does not mean vague, unsupported generalities.

Tablizo has offered no valid reason for me to change my prior order. Her failure to provide adequate disclosures under Rule 26(a)(1)(A)(iii) was not harmless.

1  IT IS THEREFORE ORDERED that Tablizo's motion for reconsideration **(ECF No. 57)** **is denied.**

DATED this 17th day of February, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE