# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CELY TABLIZO,

    Plaintiff

v.

CITY OF LAS VEGAS,

    Defendant

Case No.: 2:14-cv-00763-APG-VCF

**Order Confirming Entry of Rule 37 Sanctions and Summary Judgment**

I previously excluded evidence of plaintiff Cely Tablizo's damages under Federal Rule of Civil Procedure 37(c)(1) because she failed to disclose a computation of damages as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). I thereafter granted summary judgment to the City of Las Vegas on Tablizo's remaining claims because Tablizo could not prove damages, which is an essential element of those claims. On appeal, the Ninth Circuit reversed my decision because I did not enter findings whether Tablizo's violation of Rule 26 "involved willfulness, fault, or bad faith," and I did not consider the availability of lesser sanctions. On remand, I ordered the parties to submit supplemental briefs on those topics.

As I found in granting the City's motion in limine, Tablizo's initial disclosures under Rule 26 were wholly inadequate. ECF No. 56. Tablizo provided only a wide range of potential damages without any computation showing how she determined that range, and she produced no documents bearing on her damages. Tablizo later supplemented this disclosure but again provided only wide ranges of potential damages without any computation or supporting documents. Tablizo did not supplement her disclosures after that.

Willfulness, fault, or bad faith may be shown by "disobedient conduct not shown to be outside the control of the litigant." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). Repeated failures to comply with Rule 26(a)'s requirements and the opposing party's requests "give[] the appearance of bad faith." *Patton v. Wal-Mart Stores, Inc.*, No. 2:12-cv-02142-GMN-VCF, 2013 WL 6158461, at *5 (D. Nev. Nov. 20, 2013). In evaluating willfulness, fault, or bad faith, I may consider the entire scope of a party's conduct, including conduct that has previously been sanctioned. *Henry*, 983 F.2d at 947-49.

I have insufficient evidence to find that Tablizo's failure to properly disclose her damages was done in bad faith. However, her violations of Rule 26 were repeated, willful, and her fault. As I found in my earlier order, "Tablizo does not attempt to justify her failure to properly disclose; indeed, she believes her disclosures were sufficient. ECF No. 51 at 2." ECF No. 56 at 3. Her disclosures were within her control, and there was nothing negligent or accidental about her failure to disclose or supplement.

Rule 26 has required the disclosure of a damages calculation for many years, and courts have repeatedly ruled that such calculations must be produced. Rule 26(e)(1) "creates a 'duty to supplement,' not a right." *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. App'x 496, 500 (9th Cir. 2009). The Rule does not "create a 'loophole'" for a party who wishes to revise its disclosures to its "advantage after the court's deadline for doing so has passed." *Id*. There can be no surprise about this requirement. Tablizo is at fault for her willful violations of the Rule 26 disclosure requirement.

I have considered the availability of alternative sanctions, but none of them is proper in this case. I could reopen discovery, but doing so after such a long period would punish the City and reward Tablizo's failure to timely disclose her damages, a result incongruous with Rules 26

and 37. At the time I excluded Tablizo's damages evidence, discovery had been closed for two years and summary judgment motions had been resolved. The parties were at calendar call and the trial was about to begin. We're now even further beyond that point and no good reason exists to reopen discovery. Moreover, the Rules do not countenance allowing a party that failed to properly disclose damages to request to reopen discovery on the eve of trial.

I also could, as Tablizo suggests, allow her to proceed to trial, but limit her damages to those disclosed at her deposition. I previously rejected this alternative, finding that even Tablizo's deposition testimony did not provide sufficient information to understand her damages. As Tablizo admits, an FMLA plaintiff may recover monetary losses beyond just lost wages or benefits. ECF No. 51 at 3. Tablizo's disclosures and deposition testimony about damages were vague and did not provide information about whether she mitigated any of her losses. ECF No. 52 at 3; ECF No. 52-1 at 4-6 (testifying that her highest salary "was about 63,000. Something like that," and she was out of work "I think eight months or so."). Allowing her to proceed based on her vague deposition testimony likely would require allowing the City to reopen and conduct additional discovery to prepare for trial. Again, that is not fair at this late date. *See, Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011) ("Courts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed."). *See also, Shakespear v. Wal-Mart Stores, Inc.*, No. 2:12-CV-01064-MMD-PAL, 2013 WL 6498898, at *4 (D. Nev. Dec. 10, 2013) ("[A]lthough there is a public policy to hear cases on their merits, there is also a public policy against trial by ambush.").

Tablizo was at fault for her repeated and willful failure to comply with her disclosure obligations under Rule 26. There are no reasonable alternative sanctions. Tablizo's failure to

3

provide adequate disclosures under Rule 26(a)(1)(A)(iii) was not harmless. Thus, I reaffirm my prior ruling that, under Rule 37(c)(1), Tablizo's evidence and testimony about her alleged damages are excluded from trial. I also reaffirm my entry of summary judgment in favor of the City.

IT IS THEREFORE ORDERED that the City's motion in limine **(ECF No. 50) is, again, granted**. Tablizo may not introduce evidence or testimony at trial concerning her alleged damages.

IT IS FURTHER ORDERED that, for the reasons stated on the record during the February 22, 2017 calendar call, summary judgment is again granted in favor of the City of Las Vegas on all of Tablizo's remaining claims. The clerk of court is directed to enter judgment accordingly.

DATED this 6th day of September, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE